**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-6159

UNITED STATES OF AMERICA,

             Petitioner - Appellee,

       v.

ROBERT T. ARRINGTON,

             Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge; Bernard A. Friedman, Senior District Judge, sitting by designation. (5:08-hc-02106-FL-JG)

Submitted:  August 21, 2012          Decided:  September 10, 2012

Before AGEE, DAVIS, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Eric J. Brignac, Research and Writing Specialist, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, R. A. Renfer, Jr., G. Norman Acker, III, Seth M. Wood, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert T. Arrington appeals the district court's order committing him as a sexually dangerous person under the Adam Walsh Child Protection and Safety Act of 2006, 18 U.S.C. § 4248(a) (2006). We have reviewed the record and affirm.

Arrington's appeal proceeds in two parts. First, he levels three constitutional challenges with respect to his commitment, claiming (1) that § 4248 levies an unconstitutional criminal punishment; (2) that § 4248 violates equal protection principles by limiting its application only to prisoners; and (3) that the length of the delay between certifying Arrington as a sexually dangerous person and holding the civil commitment hearing violated his right to due process. As Arrington fully concedes, however, each of these arguments is entirely foreclosed by this court's decision in United States v. Timms, 664 F.3d 436 (4th Cir. 2012).

Arrington's lone remaining argument on appeal contends that the district court committed clear error in certifying him as a sexually dangerous person. In this respect, the district court's factual findings are reviewed for clear error, while its legal conclusions are reviewed de novo. United States v. Hall, 664 F.3d 456, 462 (4th Cir. 2012). Where the district court's factual findings are based on its evaluation of conflicting expert testimony, we are "especially reluctant" to set aside its

2

determinations.  Id. (quoting Hendricks v. Cent. Reserve Life Ins. Co., 39 F.3d 507, 513 (4th Cir. 1994)).

Given Arrington's stipulations that he previously engaged in child molestation and suffers from a serious mental disorder, the Government was required to prove by clear and convincing evidence only that Arrington would have serious difficulty in refraining from sexually violent conduct or child molestation if released.  18 U.S.C. § 4247(a)(6) (2006); Hall, 664 F.3d at 463.  The "serious difficulty" prong of the certification proceeding refers to the degree of an individual's "volitional impairment"; that is, his "ability to refrain from acting upon his deviant sexual interests."  Hall, 664 F.3d at 463.

Arrington asserts that the district court improperly discounted both his low scores on the Static-99R as well as his remaining in the community for more than three years without perpetrating another hands-on sexual offense.  But the first strand of Arrington's argument fails to appreciate that the results of actuarial tests are not dispositive in determining a particular individual's likelihood of reoffending.  While the proof of serious difficulty in controlling behavior "must be sufficient to distinguish the dangerous sexual offender . . . from the dangerous but typical recidivist convicted in an ordinary criminal case," it is nonetheless the case that an

individual's "inability to control behavior will not be demonstrable with mathematical precision." Kansas v. Crane, 534 U.S. 407, 413 (2002). As we have previously explained, the determination of a particular individual's risk of recidivism may rely not only on actuarial tests, but also on factors such as his participation in treatment, his ability to control his impulses, and his commitment to controlling his behavior. Hall, 664 F.3d at 464. Because these are precisely the factors the district court considered in Arrington's case, we find no clear error in its conclusions.

Likewise, because "[e]valuating the credibility of experts and the value of their opinions is a function best committed to the district courts," it was not clearly erroneous for the district court to accept the opinion of the Government's expert witnesses that Arrington's three offense-free years in the community did not mitigate his likelihood of recidivism. Id. (quoting Hendricks, 39 F.3d at 513).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4